UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN FIGUEROA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-13008-IT |
| | * | |
| BRUCE GELB, | * | |
| | * | |
| Respondent. | * | |

ORDER

June 2, 2016

TALWANI, D.J.

This is an action pursuant to 28 U.S.C. § 2254 in which Petitioner seeks habeas corpus relief following conviction for murder in the second degree. The court referred the matter to Magistrate Judge Bowler. On April 20, 2016, she issued her Report and Recommendation [#22] recommending that the petition be dismissed with prejudice.

Upon *de novo* review, and after consideration of Petitioner's Objections [#23], the court adopts the Report and Recommendation [#22] for the reasons set forth therein and below.

Petitioner objects that the instructions on murder included language allowing the jury to infer malice from the use of a dangerous weapon, and did not notify the jury that they must find a lack of reasonable provocation to convict Petitioner of murder. Petitioner argues that the court's instruction that a finding of "reasonable provocation" would mean that "the Commonwealth has not proven malice" and that "the defendant must be found not guilty of the crime[] of murder," Tr. 8-56:9-13, were part of the later instructions on manslaughter and the jury would not have had reason to consider and apply the manslaughter instructions at all after finding Petitioner guilty of murder. But, a "reasonable juror can be expected to listen to all he/she is told by the

judge and it will be presumed that he/she will not isolate a particular portion of the charge and ascribe to it more importance than the rest." McInerney v. Berman, 621 F.2d 20, 24 (1st Cir. 1980).  This rule strongly resonates here where the court defined manslaughter almost entirely by giving instructions on mitigating factors that would preclude a finding of murder:

> So let me just tell you about the crime of manslaughter.  When a person is charged with murder, either first or second degree, in this case first degree, the Commonwealth must prove beyond a reasonable doubt that the defendant acted with malice as I've instructed to you.
>
> The Commonwealth must also prove beyond a reasonable doubt the absence of certain mitigating circumstances which would prevent a defendant from acting with malice.  Mitigating circumstances are circumstances which lessens a defendant's culpability for an act.  Both the crimes of murder and manslaughter require proof of an unlawful killing.  But the crime of murder will be reduced to the crime of manslaughter if the killing incurred under mitigating circumstances that satisfy you that the defendant did not act with malice.
>
> In order to obtain a conviction of murder the Commonwealth must prove beyond a reasonable doubt the absence of these mitigating circumstances.  The burden, as I told you, is always on the Commonwealth.

Tr. 8-53:17-54:13.  The court instructed the jury extensively on reasonable provocation, Tr. 8-54:25-56:13, and did not authorize the jury to draw any unconstitutional inference of malice.

The jury, upon its request, was instructed a second time on murder and manslaughter.  Tr. 9-7:18-21.  Notably, they *again* heard the instruction that mitigating factors such as reasonable provocation would "preclude the Commonwealth proving malice."  Tr. 9-15:21-24.

Accordingly, after consideration of Petitioner's objections, the court adopts the Report and Recommendation [#22].  Petitioner's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: June 2, 2016                                                     /s/ Indira Talwani
                                                                                United States District Judge